UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

J.R, As Parent and Natural Guardian of
O.R., a Minor,

               Plaintiff,                        **DECISION & ORDER**

     v.                                  1:20-cv-00215-FPG

ALLEGHENY HIGHLANDS COUNCIL,
INC., BOY SCOUTS OF AMERICA;
DONALD C. SHRIVER; and
BOY SCOUTS OF AMERICA, INC.,

               Defendants.
_____

## INTRODUCTION

Plaintiff J.R., as parent and natural guardian of O.R., a minor, ("Plaintiff") brings this personal injury tort action against Defendants Boy Scouts of America, Inc. ("BSA"), Allegheny Highlands Council, Inc., Boy Scouts of America ("AHC"), and Donald C. Shriver ("Shriver"), alleging that Shriver, O.R.'s scout leader, sexually abused O.R.  *See* ECF No. 1-2 at 3.  Plaintiff brought this action in New York state court and BSA removed it to this Court. ECF No. 1. Plaintiff now moves to sever the claims against AHC and Shriver and remand them back to state court. ECF No. 3.  For the reasons stated below, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

## BACKGROUND

On September 6, 2019, Plaintiff filed this action against Defendants BSA, AHC, and Shriver in the Supreme Court of the State of New York, Chautauqua County.  ECF No. 1-2 at 3. Plaintiff alleged that Shriver sexually abused her son, O.R., in August 2017 during an overnight camping event organized by AHC.  ECF No. 1-2 at 4, 6. She alleges that BSA and AHC are liable for Shriver's abuse because they failed to use due care in selecting, training, and supervising

1

Shriver as a scout leader, and failed to educate, warn, train, and protect O.R. against sexual abuse. *Id.* at 3-6.[1]  Plaintiff's action is one of approximately 290 similar cases pending in state and federal courts throughout the country against BSA and its local councils (the "Pending Abuse Actions"). *See* ECF No. 1 at 2.

On February 18, 2020, BSA filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court").  *See* ECF No. 1 at 2.  That same day, BSA removed this action to this Court pursuant to 28 U.S.C. §§ 1334 and 1452(a).[2]

In order to consolidate all the Pending Abuse Actions, BSA filed a motion in the United States District Court for the District of Delaware ("Delaware District Court") seeking transfer of the Pending Abuse Actions to that court pursuant to 28 U.S.C. §§ 157(b)(5) and 1334(b).  *See id.* 2-3.[3]

In its notice of removal—but without filing a motion or formal request for relief—BSA "submit[ted] that this Court should refrain from taking any further action in this case, including any decisions with respect to any motions to remand or abstain," pending the Delaware District Court's ruling on the transfer motion.  ECF No. 1 at 4.

As anticipated by BSA, on March 17, 2020, Plaintiff filed a letter-motion to sever the claims against AHC and Shriver and remand them to state court.  ECF No. 3.  But Plaintiff's letter-motion did not acknowledge BSA's request that the Court refrain from deciding any such motion.

---

[1] In state court, BSA and AHC filed an answer, ECF No. 1-7 at 1, but Shriver never did and is in default.  ECF No. 3 at 4.  Shriver has not appeared in this Court, either.

[2] Section 1334 gives federal district courts jurisdiction over claims "related to" Chapter 11 cases.  *See In re Starling*, 617 B.R. 208, 213 (Bankr. S.D.N.Y. 2020).  Section 1452(a) provides the procedural mechanism for removal of such claims to federal court.  *See Orange Cty. Water Dist. v. Unocal Corp.*, 584 F.3d 43, 50 (2d Cir. 2009).

[3] Section 157(b)(5) authorizes the district court in which the bankruptcy case is pending—here, the Delaware District Court—to fix the venue of any bankruptcy-related personal injury claims.

On March 18, 2020, the Court ordered Defendants to respond to Plaintiff's motion, ECF No. 4, but none of them did.

On April 1, 2020, BSA and AHC filed a notice with this Court indicating that the Delaware Bankruptcy Court had entered a consent order regarding the Pending Abuse Actions, staying the prosecution of claims against BSA and AHC through May 18, 2020.  ECF No. 6 at 3-5.  The Delaware Bankruptcy Court has extended the stay three times, most recently until March 19, 2021. ECF No. 9 at 1.

## DISCUSSION

This case is now in limbo.  Plaintiff asks the Court to sever the claims against AHC and Shriver and remand them to state court, but BSA asks the Court refrain to from taking any action pending the Delaware District Court's ruling on the transfer motion.  Neither party has addressed the other's requests for relief.  Further complicating matters, Plaintiff's letter-motion to sever and remand lacks a memorandum of law with citations to supporting legal authority, which, while not required under Local Rule 7(a)(2)(A) for such a motion, would have been helpful.  And Defendants have not responded to Plaintiff's motion, despite the Court's order to do so.  To the extent that BSA and AHC believe that the automatic stay and/or the consent order stay prevent or absolve them from filing a response, the Court is not persuaded.  *See Worldview Entm't Holdings Inc. v. Woodrow*, 611 B.R. 10, 15 (S.D.N.Y. 2019) ("[A]any actions by this Court to exercise its power of remand or abstention do not fall within the scope of the stay because those actions do not constitute a 'continuation' of the action but would simply 'restore[] the action to the status quo as it existed upon commencement of the bankruptcy case prior to removal.'") (quoting *In re Cashco, Inc.*, 599 B.R. 138, 147 (Bankr. D. N.M. 2019); *LaFlair v. Johnson & Johnson*, No. 8:18-CV-1270 (BKS/CFH), 2019 U.S. Dist. LEXIS 127481, at *13 (N.D.N.Y. July 31, 2019) (holding that the

automatic stay does not and cannot prevent the court from considering whether to remand due to lack of subject matter jurisdiction); *Turner v. Borobio*, No. 01 Civ. 7458 (SAS), 2001 U.S. Dist. LEXIS 20738, at *9 (S.D.N.Y. Dec. 13, 2001) (remanding and noting that the issue of whether the automatic stay applies should be addressed by the state court); *Doe v. Archdiocese of New Orleans Indem., Inc.*, No. 20-1338, 2020 U.S. Dist. LEXIS 143512, at *5-6 (E.D. La. Aug. 11, 2020) (noting that the "weight of authority holds" that the district court "has the power to decide a motion to remand while the bankruptcy automatic stay is in effect").

The Court observes that federal district courts around the country have handled the Pending Abuse Cases before them in different ways.

Some courts have denied remand without prejudice, stayed the federal actions, or refrained from ruling on pending motions to remand.  *See, e.g.*, *Doe v. Greater St. Louis Area Council*, No. 4:20-CV-273 JMB, 2020 U.S. Dist. LEXIS 215224, at *3-4 (E.D. Mo. Nov. 18, 2020) ("Given the lengthy stay granted by the bankruptcy court, the Court will deny the motion to abstain and remand without prejudice subject to refiling once the Bankruptcy Case is closed or dismissed; discharge is granted or denied; or the bankruptcy court terminates the automatic stay or grants relief from it."); *A.L. v. Boy Scouts of America, et al.*, No. 5:20-cv-181-GTS-TWD, ECF Nos. 10, 14, 15, 26, 29, 30 (N.D.N.Y. 2020) (denying letter-motion for remand without prejudice for failure to comply with Local Rules, and then staying the case in light of bankruptcies); *Doe v. Boy Scouts of America, et al.*, No. 1:20-cv-01438-LGS, ECF No. 19 (S.D.N.Y. April 13, 2020) (denying plaintiff's request for pre-motion conference regarding remand, noting bankruptcy stay as to BSA and council defendants, staying case as to remaining defendants, and ordering that plaintiff may file a motion to remand after stay is lifted); *see also generally Walker v. New Eng. Compounding Pharmacy Inc.*, No. 7:12-cv-564, 2013 U.S. Dist. LEXIS 64155, at *4 (W.D. Va. May 3, 2013) (collecting

cases granting stay and refraining from deciding remand issue until transfer issue was determined); *A.A. v. Soc'y of Jesus*, No. C09-00262 MJP, 2009 U.S. Dist. LEXIS 139153, at *5 (W.D. Wash. May 7, 2009) (reserving ruling on motion to remand abuse related claims against non-debtor defendant pending decision on 157(b)(5) transfer motion by district court in which co-defendant's bankruptcy was pending).

Other courts have remanded despite the pendency of a transfer motion. *See, e.g.*, *Dieterly v. BSA*, No. 20-902, 2020 U.S. Dist. LEXIS 110534, at *7 (E.D. Pa. June 24, 2020) (remanding even though transfer motion was pending in the Delaware District Court) (first citing *In re Eight Adversary Proceedings Removed from State Court by Johnson & Johnson*, 603 B.R. 849, 852 (Bankr. S.D. Fla. July 2, 2019); and then citing *In re Johnson & Johnson*, No. 19-cv-3531(KPF), 2019 U.S. Dist. LEXIS 95445, at *17-19 (S.D.N.Y. June 4, 2019)); *Michael O'Malley v. Boy Scouts of America, et al*., No. 1:20-cv-1526-WFK-RLM, ECF No. 13 (E.D.N.Y. Mar. 11, 2020) (remanding to state court without analysis); *see also generally Tavener v. Johnson & Johnson*, No. 5:19-CV-0459 (GTS/TWD), 2019 U.S. Dist. LEXIS 110034, at *8-9, 19 (N.D.N.Y. July 2, 2019) (deciding plaintiff's motion for remand before deciding defendant's motion to stay pending bankruptcy-district court's decision on motion to transfer); *Powers v. Beacon C M P Corp*, No. 6:19-CV-00504, 2019 U.S. Dist. LEXIS 119321, at *8 (W.D. La. July 1, 2019) ("A finding by the Delaware District Court to consolidate the related cases and fix venue in that Court would have the same effect regardless of whether this Court were to maintain jurisdiction or remand to State Court. Thus, the Court finds it would be inequitable to hinge this Court's jurisdiction on an anticipated decision by the Delaware District Court."); *see also id.* at *13 (collecting cases from across the country remanding state law claims against Johnson & Johnson despite pending motion to fix venue in Delaware).

Here, because Plaintiff has not addressed the issue of whether this Court should remand despite the pending transfer motion and has not included a memorandum of law with citations to legal authority on the merits of her motion, and because BSA and AHC have not responded to Plaintiff's motion, for now, the Court will deny Plaintiff's motion without prejudice. *See generally, e.g.*, *Perfetto v. Erie Cty. Water Auth.*, No. 03-CV-0439E(F), 2006 U.S. Dist. LEXIS 46106, at \*23 (W.D.N.Y. July 7, 2006) (denying motion without prejudice due to inadequate briefing); *Fraser v. Fiduciary Tr. Co. Int'l*, No. 04 Civ. 6958 (RMB) (GWG), 2005 U.S. Dist. LEXIS 48059, at \*31 (S.D.N.Y. June 23, 2005) (same).

## CONCLUSION

For the reasons stated, Plaintiff's motion to sever and remand, ECF No. 3, is DENIED WITHOUT PREJUDICE. If Plaintiff wishes, she may file a renewed motion to sever and remand, which also addresses the propriety of ruling pending the transfer motion and includes a supporting memorandum of law, within 30 days from the date of this order. BSA and AHC shall respond within 30 days from the filing of Plaintiff's motion. Plaintiff may reply within 15 days from the filing of BSA and AHC's response.

IT IS SO ORDERED.

Dated: December 17, 2020
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court